SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
Email: Crowley@seyfarth.com
William J. Dritsas (SBN 097523)
Email: wdritsas@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
INTERSTATE MANAGEMENT COMPANY, LLC; INTERSTATE HOTELS & RESORTS, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTEL & RESTAURANT EMPLOYEES HEALTH & WELFARE TRUST FUND; EAST BAY RESTAURANT & TAVERN RETIREMENT PLAN; BILL BACIGALUPI, in his official capacity as Trustee; JAMES DU PONT, in his official capacity as Trustee; LIAN ALAN, in his official capacity as Trustee; MARK CLEMENT, in his official capacity as Trustee; DOUGLAS CORNFORD, in his official capacity as Trustee; THERESA ERWIN, in her official capacity as Trustee, WE-LING HUBER, in her official as Trustee; and IVANA KRJCINOVIC, in her official capacity as Trustee;<br><br>Plaintiffs,<br><br>v.<br><br>INTERSTATE HOTELS & RESORTS, INC.; INTERSTATE MANAGEMENT COMPANY, LLC, dba CLAREMONT RESORT AND SPA;<br><br>Defendants. | Case No. C09-04998 BZ<br><br>**ANSWER TO COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS (ERISA §§ 502, 515)** |

Pursuant to Federal Rules of Civil Procedure Rule 8(b), Defendant INTERSTATE MANAGEMENT COMPANY, LLC ("Defendant IMC") and Defendant INTERSTATE HOTELS & RESORTS, INC. ("Defendant IHR") hereby answer and respond to Plaintiffs'

SF1 28377804.1                      ANSWER TO COMPLAINT

Complaint as follows. Except as specifically admitted below, Defendants deny the allegations in the Complaint.

## I. JURISDICTION AND VENUE

1. Deny.

2. Admit.

3. Admit

## II. PARTIES

### A. PLAINTIFFS

4. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations herein, and consequently, deny the same.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations herein, and consequently, deny the same.

6. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations herein, and consequently, deny the same.

### B. DEFENDANTS

7. Deny.

8. Defendant IMC admits that it is a Delaware liability company but denies that it was an agent of Interstate Hotels and Resorts, Inc. ("IHR"). Defendant IHR is simply a holding company with a 1% ownership interest in IMC, and is not a proper party to this case. Except as so stated, Defendants deny the allegations contained in this paragraph.

## III. STATEMENT OF FACTS

9. Defendant IMC admits it entered into the Claremont MOU. Defendants, however, deny that Defendant IMC that it was acting as an agent of Defendant IHR. Except as so stated, Defendants deny the allegations contained in this paragraph.

10. Defendant IMC admits that the Claremont MOU provided that certain employer contributions had to be made by Defendant IMC to the fund under certain circumstances. Except as so stated, Defendants deny the allegations contained in this paragraph.

SF1 28377804.1

2

ANSWER TO COMPLAINT

11. Defendant IMC admits that the Claremont MOU obligated it to make some contributions to the fund at certain times under certain circumstances. Except as so stated, Defendant IMC denies the allegation contained herein.

12. Defendant hereby admits that on or about September 8, 2007, someone on behalf of the fund performed an "audit" on the property known as the Claremont Hotel and Spa for the period of January 1, 2006 through January 31, 2007. Defendant IMC further admits that the "audit" found purported contribution deficiencies, but denies it is liable for those deficiencies. Except as so stated, Defendant IMC denies the allegation contained herein.

13. Defendant IMC admits that it received a bill from the funds' auditor on or about September 30, 2008, asserting an alleged liability in the amounts noted. Except as so stated, Defendant IMC denies the allegation contained herein.

14. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations herein, and consequently, deny the same.

## IV.  CAUSE OF ACTION

### FIRST CLAIM

### FAILURE TO MAKE BENEFIT CONTRIBUTIONS

### (29 U.S.C. §§ 1132(a)(3)(B)(ii) and 1132(g)(2)(e))

15. Defendant IMC denies it is liable for delinquent fringe benefit contributions. Defendant IMC admits the Plaintiffs purport to make a claim for alleged contributions under the statutory provisions noted. Except as so stated, Defendant IMC denies the allegations contained herein.

16. Deny.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

(Laches & Unclean Hands)

1. Plaintiffs' claim is barred by the doctrine of laches and unclean hands.

**Second Affirmative Defense**

(Mandatory Arbitration)

2. Plaintiffs' claim is subject to binding mandatory arbitration.

SF1 28377804.1

3

ANSWER TO COMPLAINT

### Third Affirmative Defense

(Satisfaction)

3. Defendant IMC has satisfied some or all of the alleged liability.

### Fourth Affirmative Defense

(12(b)(6) Failure to State a Claim)

4. Plaintiffs have failed to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

(Limitations Period)

5. Plaintiffs' claim is barred by the applicable statute of limitations.

### Sixth Affirmative Defense

(Failure to Exhaust)

6. Plaintiffs have failed to exhaust contractual pre-requisites to the claim.

### **PRAYER FOR RELIEF**

Based on the foregoing Defendants respectfully asks that the Court:

1. Dismiss Plaintiffs' Complaint in its entirety and enter judgment in their favor.
2. Award them their reasonable costs and attorneys' fees.

DATED: December 7, 2009

SEYFARTH SHAW LLP

By _____
Christian J. Rowley
Attorneys for Defendants
INTERSTATE MANAGEMENT
COMPANY, LLC; INTERSTATE
HOTELS & RESORTS, INC.

SF1 28377804.1

4

ANSWER TO COMPLAINT